SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 21 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------x

THOMAS CASTELLANO, an individual;
LESLIE CASTELLANO, an individual; on
behalf of themselves and all others similarly
situated,

       Plaintiffs,

vs.

NELSON, WATSON & ASSOCIATES, LLC, a
Massachusetts Limited Liability Company; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

       Defendants.

------------------------------------x

CASE CV11-5670

CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FEDERAL FAIR
DEBT COLLECTION PRACTICES ACT

DEMAND FOR JURY TRIAL

SPATT, J.

BROWN, M. J.

## I. PRELIMINARY STATEMENT

1. Plaintiffs, THOMAS CASTELLANO AND LESLIE CASTELLANO (Collectively "Plaintiffs" or "THE CASTELLANOS"), on behalf of themselves and all others similarly situated, and demanding a trial by jury, bring this action for the illegal practices of the Defendant NELSON, WATSON & ASSOCIATES, LLC. ("NELSON WATSON"), who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiffs and others.

2. The Plaintiffs allege that NELSON WATSON's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"). Such practices include, *inter alia*:

  (a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of NELSON WATSON's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector.

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

5. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C.

§ 1692d(6).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

7.      The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. The Plaintiffs, on behalf of themselves and all others similarly situated, request that they and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## II. PARTIES

8.      THOMAS CASTELLANO is a natural person.

9.      At all times relevant to this complaint, THOMAS CASTELLANO was a citizen of and resided in the City of West Islip, Suffolk County, New York.

10.     LESLIE CASTELLANO is a natural person.

11.     At all time relevant to this complaint, LESLIE CASTELLANO was a citizen of and resided in the City of West Islip, Suffolk County, New York.

12.     At all times relevant to this complaint, THOMAS CASTELLANO and LESLIE CASTELLANO are married and live together as husband and wife in the same residence.

13. THE CASTELLANOS share the same home telephone and answering machine.

14. At all times relevant to this complaint, NELSON WATSON is a Limited Liability Company existing pursuant to the laws of the State of Massachusetts. NELSON WATSON maintains its principal business address at 80 Merrimack Street, Lower Level, City of Haverhill, Essex County, Massachusetts.

15. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16. The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of NELSON WATSON that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by NELSON WATSON and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III. JURISDICTION & VENUE

17. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the Plaintiffs' claims occurred within this federal judicial district, and because NELSON WATSON is subject to personal jurisdiction in

the State of New York at the time this action is commenced.

## IV. FACTS CONCERNING PLAINTIFFS

20. Sometime prior to March 11, 2011, the Plaintiffs allegedly incurred a financial obligation ("Castellano Obligation").

21. The Castellano Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

22. Defendants contend that the Castellano Obligation is in default.

23. The alleged Castellano Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. THOMAS CASTELLANO is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. THE CASTELLANOS are informed and believe, and on that basis allege, that sometime prior to March 11, 2011, the creditor of the Castellano Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to NELSON WATSON for collection.

26. NELSON WATSON collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

27. NELSON WATSON is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

28. Within the one year immediately preceding the filing of this complaint, NELSON WATSON contacted the Plaintiffs multiple times on their home telephone in an attempt to collect the alleged Castellano Obligation.

29. Beginning on or about March 11, 2011, NELSON WATSON began leaving scores of live telephonic voice messages for the Plaintiffs on their home answering machine

("Messages").

30. All of the Messages that NELSON WATSON left for the Plaintiffs uniformly failed to identify NELSON WATSON by name as the caller.

31. All of the Messages that NELSON WATSON left for the Plaintiffs uniformly failed to disclose that the call was from a debt collector.

32. All of the Messages that NELSON WATSON left for the Plaintiffs uniformly failed to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

33. By way of limited example, during the month of March 2011, NELSON WATSON left the following telephonic voice message for the Plaintiffs on their home answering machine:

> "Leslie Castellano my name is Marta I need you to return my call. This message is also for Thomas. The phone number is 1-800-910-5536. My extension is 4455."

34. By way of limited example, during the month of March 2011, NELSON WATSON left the following telephonic voice message for the Plaintiffs on their home answering machine:

> "Leslie Castellano, this is Mr. Testaverde. It's very important that you return the call to my office as soon as you get the message. I will be here up until five o'clock pm eastern time tonight. Phone number is 1-800-910-5536."

35. By way of further limited example, during the month of March 2011, NELSON WATSON left the following telephonic voice message for the Plaintiffs on their home answering machine:

> "Hey its Mr. Rodriguez calling for Leslie Castellano. Leslie you need to return our call when you get this message. 800-838-0139 extension 4412. This message is intended again for Leslie and also for Thomas Castellano. You need to return our call as soon as you receive this message. 800-838-0139 extension 4412."

36. By way of further limited example, during the month of March 2011, NELSON WATSON left the following telephonic voice message for the Plaintiffs on their home answering machine:

> "Leslie Castellano my name is Susan. Leslie I need you to please return my call as soon as you get this message. My number is 1-800-838-0139 extension 4475. Once again Leslie it is important that you return my call today and again that number is 1-800-838-0139 extension 4475. Thank you."

37. By way of further limited example, during the month of March 2011, NELSON WATSON left the following telephonic voice message for the Plaintiffs on their home answering machine:

> "This is "Anna" calling for Leslie Castellano. I need you to return the call as soon as you get this message at 888-269-8981 extension 4468."

38. Each of the Messages was left by persons employed by NELSON WATSON as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

39. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. The telephone number "1-888-269-8981" is answered by debt collectors who are employed by NELSON WATSON.

41. The telephone number "1-800-838-0139" is answered by debt collectors who are employed by NELSON WATSON.

42. The telephone number "1-800-910-5536" is answered by debt collectors who are employed by NELSON WATSON.

43. At the time the Plaintiffs received the Messages, they did not know that the calls were from a debt collector.

44. At the time the Plaintiffs received the Messages, they did not know that the calls concerned the collection of a debt.

45. The only way for the Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by NELSON WATSON, and then provide that debt collector with personal information.

46. NELSON WATSON intended that the Messages have the effect of causing the Plaintiffs and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

47. Scores of federal court decisions uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

48. At all times relevant to this action, NELSON WATSON was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

49. At all times relevant to this action, NELSON WATSON willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiffs and similarly situated consumers, such as the Messages, that the call is from a debt collector.

50. Scores of federal court decisions uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

51. At all times relevant to this action, NELSON WATSON was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

52. At all times relevant to this action, NELSON WATSON willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

53. NELSON WATSON has also been named as a defendant in scores of individual and class action lawsuits across the United States, including New York, for its failure and refusal to disclose in its telephonic voice messages left for consumers, including the Messages, that the call is from a debt collector and for failing to provide meaningful disclosure of the caller's identity by stating its company name and the nature or purpose of the call.

54. NELSON WATSON regularly settles lawsuits and other consumer complaints across the United States, including New York, for its failure and refusal to disclose in its telephonic voice messages left for consumers, including the Messages, that the call is from a debt collector and for failing to provide meaningful disclosure of the caller's identity by stating its company name and the nature or purpose of the call.

55. NELSON WATSON's act of leaving the Messages for the Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

56. NELSON WATSON's act of leaving the Messages for the Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

57. The FDCPA secures a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that NELSON WATSON is a debt collector in a manner understandable to the least sophisticated consumer, NELSON WATSON has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

58. It is Defendant's policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA by, *inter alia*, uniformly failing to:

   (a) Provide meaningful disclosure of NELSON WATSON's identity;

   (b) Disclose the purpose or nature of the communication (i.e. an attempt to collect a debt); and

   (c) Disclose that the call is from a debt collector.

59. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiffs, number at least in the hundreds.

## VI. CLASS ALLEGATIONS

60. This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

61. This claim is brought on behalf of a Plaintiff Class, consisting of a class of (a) all persons with telephone numbers in the "631" area code (b) for whom NELSON WATSON left a telephonic voice message, in the form of the Messages, (c) that failed to identify the caller as a debt collector or state that the call was for collection purposes (d) which Messages violate the

FDCPA (e) during a period beginning one year prior to the filing of this initial action and ending 21 days after the filing of this Complaint.

62. The identities of all class members are readily ascertainable from the records of NELSON WATSON.

63. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

64. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 11692d(6) and 1692e(11).

65. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

66. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

67. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members.

  (i.) With respect to the Plaintiff Class, the principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6) and 1692e(11);

(c) **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

68. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk

of inconsistent or varying adjudications which could establish incompatible standards of conduct for NELSON WATSON, which, on information and belief, collects debts throughout the United States of America.

69. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Plaintiffs and the Plaintiff Class are entitled to injunctive relief for the Defendant's violations of the FCCPA and any monetary relief under the FCCPA would be merely incidental to that injunctive relief.

70. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

71. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII. FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

72. Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

73. Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

    (a) Placing telephone calls without providing meaningful disclosure of NELSON WATSON's identity as the caller in violation of 15 U.S.C. § 1692d(6);

    (b) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. §

1692d(6);

(c) Using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, which constitutes a violation of 15 U.S.C. § 1692e(10);

(d) Failing to disclose in its initial communication with the consumer, when that communication is oral, that NELSON WATSON is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e) Failing to disclose in all oral communications that NELSON WATSON is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII. PRAYER FOR RELIEF

74. WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for Plaintiffs and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendant's Messages violate the FDCPA;

 (iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

 (v) For such other and further relief as may be just and proper.

### IX. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED: Fresh Meadows, New York
    November 18, 2011

             */s/ Wm. F. Horn*
             William F. Horn, Esq. (WH-1070)
             LAW OFFICE OF WILLIAM F. HORN
             188-01B 71st Crescent
             Fresh Meadows, NY 11365
             Telephone: (718) 785-0543
             Facsimile: (866) 596-9003
             E-Mail: bill@wfhlegal.com

             *Attorney for Plaintiffs, Thomas Castellano, Leslie Castellano, and all others similarly situated*